UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

James M. Slater,

     Plaintiff,

v.                                                                        Case No.

Federal Bureau of Prisons,

     Defendant.

## **COMPLAINT**

Plaintiff James M. Slater brings this lawsuit against the Federal Bureau of Prisons for violation of the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, for failing to comply with the Act with respect to three requests Mr. Slater issued seeking records related to prisoners at U.S.P. Coleman, a federal prison located within this District. In support, Mr. Slater alleges:

## **Preliminary Statement**

1.      The Act promotes government transparency and accountability by allowing members of the public to request documents and information from federal agencies. FOIA's commitment to these principles is reflected in both its substance and its procedures. It requires "*full* agency disclosure unless information is exempted under clearly delineated statutory language,"

U.S. Department of Defense v. Federal Labor Relations Authority, 510 U.S. 487, 495 (1994) (citations omitted) (emphasis supplied), and it mandates that the government move quickly: agencies have 20 business days to grant or deny a request, to explain their reasoning to the requestor, and to notify the requestor of the right to appeal an adverse decision, see 5 U.S.C. § 522(a)(6)(A)(i). In the case of "unusual circumstances," the agency may postpone such determination by an additional 10 business days. See 5 U.S.C. § 552(a)(6)(B)(i).

2.      In the summer and fall of 2023, Mr. Slater issued three FOIA requests to BOP: two on behalf of the next of kin of prisoners who died at Coleman federal prison; and a third on behalf of a prisoner who asserts he was the victim of unlawful use of force while housed at Coleman. To date, Mr. Slater has not received a single record.

3.      As explained below, BOP did initially provide an outright denial for one of the three requests, but Mr. Slater filed an administrative appeal as to that request, in which he prevailed. The request was remanded to BOP *months ago* and assigned a new tracking number and receipt date by BOP, but since remand, BOP has failed to issue a written response or provide any records.

4.     For the other two requests, Mr. Slater only received a pro forma response about processing the requests, but no written grant or denial or any records.

5.     Given that Mr. Slater's investigation of these deaths and injuries is limited by a two-year exhaustion requirement under the Federal Tort Claims Act, see 28 U.S.C. § 240l(b); 28 C.F.R. § 142, BOP's failure to comply with FOIA has hindered his ability to appropriately conduct an investigation.

## **Parties, Jurisdiction, Venue**

6.     James M. Slater is an attorney based in Tallahassee, Florida. He is the owner of Slater Legal PLLC. His practice regularly represents people in the custody of jails and state and federal prisons in civil rights lawsuits.

7.     The Federal Bureau of Prisons is an agency housed within the United States Department of Justice. The Coleman federal prison is located in Sumter County, Florida, and houses approximately 6,000 federal prisoners. Coleman federal prison is operated by BOP through DOJ. BOP has possession, custody, and control of the records requested by Mr. Slater, which are stored at Coleman federal prison located within this District.

8.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B).

9.     Venue is proper in this District under 28 U.S.C. § 1391(e).

3

## The Requests

### I.     Request Nos. 2023-03578/2023-04820

10.     Mr. Slater was contacted by the next of kin of a man who died in early March 2023 at Coleman federal prison.

11.     On June 6, 2023, Mr. Slater requested documents from BOP related to that prisoner, including the complete central file, all disciplinary and grievance records, all medical records, and all records related to the prisoner's death. The records he sought—and still seeks—are in BOP's possession and subject to disclosure under FOIA.

12.     On June 22, 2023, Mr. Slater received a letter denying the entirety of his request under Exemption 7A because the records sought purportedly "could reasonably be expected to interfere with law enforcement proceedings." The request was given tracking number 2023-03578.

13.     On July 12, 2023, Mr. Slater filed an administrative appeal with DOJ, which was docketed as Appeal No. A-2023-01609.

14.     On September 5, 2023, Mr. Slater received a letter from DOJ informing him that DOJ was remanding the request to BOP "for further processing of responsive records." DOJ stated that Exemption 7(A) of FOIA was "no longer applicable to withhold the records in full," and that BOP would process and send all releasable records to him. In that letter, DOJ

informed Mr. Slater that he could appeal any future adverse determination by BOP with respect to this request.

15.     On October 18, 2023, Mr. Slater contacted BOP by email to inquire into the status of the request. He had not received any further substantive correspondence on what records would be "releasable" and whether BOP would invoke any further exemptions. That same day BOP responded by email informing him that custodians were searching for responsive records. Mr. Slater was also informed that the request was given a new request number—No. 2023-04820.

16.     Since then, Mr. Slater has received no further substantive response for the newly opened September 5, 2023 request, no records, nor even an expected completion date for this request.

## II.     Request No. 2023-03575

17.     Mr. Slater was also contacted by a prisoner who alleges he was the victim of a brutal attack in February 2023 at Coleman federal prison.

18.     On June 6, 2023, Mr. Slater requested documents from BOP related to that prisoner, including the complete central file, all disciplinary and grievance records, all medical records, and any records relating to any alleged use of force events in connection with the prisoner.

19.     On June 7, 2023, Mr. Slater received a pro forma notification letter assigning his request a tracking number—No. 2023-03575. That letter did not deny or grant his request and informed him merely that the request was assigned a number, placed on the "complex" track, and forwarded within the agency for processing at the field office (Coleman), where the records are located.

20.     Since then, Mr. Slater has received no substantive response, records, or even an expected date of completion for this request.

### III.    Request No. 2024-00287

21.     Mr. Slater was also contacted by the next of kin of a man who died in late July 2023 at Coleman federal prison.

22.     On October 18, 2023, Mr. Slater requested documents from BOP related to that prisoner, including the complete central file, all disciplinary and grievance records, all medical records, and all records related to the prisoner's death. The records he sought—and still seeks—are in BOP's possession and subject to disclosure under FOIA.

23.     On October 23, 2023, Mr. Slater received a pro forma notification letter assigning his request a tracking number—No. 2024-00287. That letter did not deny or grant his request and informed him merely that the request was assigned a number, placed on the "complex" track, and forwarded within

the agency for processing at the field office (Coleman), where the records are located.

24.     Since then, Mr. Slater has received no substantive response, records, or even an expected date of completion for this request.

## Cause of Action for Violation of 5 U.S.C. § 522(a)(6)(A)(i)

Mr. Slater incorporates and realleges paragraphs 1 through 24 above as if fully set forth herein.

25.     Mr. Slater has requested all documents in BOP's possession relating to his three requests.

26.     The first request, after appeal, was sent back to BOP on September 5, 2023 for processing. No substantive response was provided.

27.     The second request was acknowledged by BOP on June 7, 2023.

28.     The second request was acknowledged by BOP on October 23, 2023.

29.     Under 5 U.S.C. § 522(a)(6)(A)(i), each federal agency, upon receiving a FOIA request, "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of its "determination and reasons therefor"; the right of the requestor "to seek assistance from the FOIA Public Liaison of the agency"; or, "in the case of an adverse determination," the right to appeal.

7

30.    The 20-day deadline by which BOP was required to communicate its determination for the three requests—even with the additional 10 working days for "unusual circumstances"—has lapsed.[1]

31.    Mr. Slater has a statutory right to the records he seeks and there is no basis for BOP to withhold them.

32.    As a result, BOP has violated FOIA.

33.    Under 5 U.S.C. § 522(a)(6)(C)(i), a requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with . . . [FOIA's] applicable time limit provisions." Accordingly, Mr. Slater has exhausted his administrative remedies.

### Requested Relief

Plaintiff James M. Slater respectfully requests:

A.  An order requiring Defendant Bureau of Prisons, by a date certain, records responsive to Mr. Slater's two FOIA requests;

B.  An award of reasonable attorney's fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

C.  All other relief that the Court deems just and proper.

---

[1] Although BOP initially issued a blanket denial as to the first request (No. 2023-03578), it has since abandoned its Exemption 7A denial and remanded the request to BOP for further processing of "releasable" records, informing Mr. Slater that BOP could make a future adverse determination. But BOP has failed within the statutory timeframe thereafter to provide a written response.

Dated: December 17, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

-and-

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, Florida 33156
josh@tarjanlawfirm.com
Tel. (305) 423-8747

*Attorneys for Plaintiff*