UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES M. SLATER,

    Plaintiff,

v.                                        Case No. 5:23-cv-00724-BJD-PRL

FEDERAL BUREAU OF PRISONS,

    Defendant.

_____/

## ANSWER

Defendant, the Federal Bureau of Prisons ("BOP"), by and through undersigned counsel, hereby submits this Answer to the Complaint (Doc. 1) filed by Plaintiff James M. Slater ("Plaintiff") in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

## RESPONSE

Defendant responds to the separately numbered paragraphs and prayers for relief contained in the Complaint below. To the extent any allegation is not specifically admitted herein, it is denied. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like number paragraphs as follows:

## COMPLAINT[1]

Defendant admits Plaintiff brings this action under FOIA seeking to compel the release of records responsive to FOIA requests submitted to Defendant. The remainder of this paragraph is a request for remedy, a characterization of this action and conclusion of law, to which no response is required.

## PRELIMINARY STATEMENT

1. Paragraph 1 contains legal conclusions and references to case law and statutory authority to which no response is required. Defendant respectfully refers the Court to the case law and statutory authority for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

2. Defendant admits BOP received three FOIA requests from Plaintiff in 2023 for inmate records. The requests are identified as BOP FOIA Request Nos. 2023-03578/2023-04820, 2023-03575, 2024-00287. Defendant respectfully refers the Court to those FOIA requests for their true and complete contents and denies all allegations in this paragraph inconsistent therewith.

3. To the extent Plaintiff characterizes BOP's determination letter for FOIA No. 2023-03578, Defendant respectfully refers the Court to BOP's determination letter in FOIA Request No. 2023-03578 for its true and complete contents and denies all

---

[1] For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

allegations in this paragraph inconsistent therewith. Defendant admits Plaintiff appealed FOIA Request No. 2023-03578 to OIP. Defendant admits OIP remanded FOIA Request No. 2023-03578 to BOP for further processing. Defendant admits BOP gave this FOIA request a new tracking number which was 2023-04820. The remainder of paragraph 3 contains factual allegations to which no response is required.

  4. Paragraph 4 contains factual allegations and legal conclusions to which no response is required.

  5. Paragraph 5 contains factual allegations and legal conclusions to which no response is required. In addition, Paragraph 5 contains allegations irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required.

## PARTIES, JURISDICTION, VENUE

  6. Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

  7. Defendant admits BOP is an agency of the Department of Justice (DOJ) and the United States government within the meaning of FOIA. Defendant admits FCC Coleman is in Sumter County Florida. FCC Coleman presently houses approximately 6,231 inmates. The remainder of paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

  8. Defendant admits this Court has subject matter and personal jurisdiction subject to its terms and limitations under FOIA.

9. Defendant admits venue is proper in this district for this action.

## THE REQUESTS

**I.    Request Nos. 2023-03578/2023-04820**

10. Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 10. To the extent a response is required, Defendant denies.

11. Defendant respectfully refers the Court to FOIA Request No. 2023-03578 for its true and complete contents and denies all allegations in this paragraph inconsistent therewith. The remainder of Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

12. Defendant respectfully refers the Court to BOP's Determination Letter in 2023-03578 for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

13. Defendant admits Paragraph 13. Further, to the extent this paragraph otherwise characterizes the OIP appeal, Defendant respectfully refers the Court to the OIP appeal for its true and complete contents.

14. To the extent this paragraph describes OIP's September 5, 2023, letter, Defendant respectfully refers the Court to OIP's letter for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

15. Defendant admits the FOIA request was given a new request number, No. 2023-04820. Defendant respectfully refers the Court to Plaintiff's correspondence

with BOP on October 18, 2023, for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

16. Defendant admits it has not released any records to Plaintiff in FOIA Request No. 2023-04820. The remainder of this paragraph is a characterization of this action and conclusion of law, to which no response is required.

**II.     Request No. 2023-03575**

17. Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph. In addition, this paragraph contains allegations that are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required.

18. Defendant respectfully refers the Court to Plaintiff's FOIA Request No. 2023-03575, dated June 6, 2023, for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

19. Defendant admits on June 7, 2023, Plaintiff received an acknowledgment letter, which assigned his FOIA request the tracking number No. 2023-03575. Defendant respectfully refers the Court to the acknowledgment letter for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

20. Defendant admits that it has not released any records to Plaintiff for Request No. 2023-03575. The remainder of this paragraph is a characterization of this action and conclusion of law, to which no response is required.

### III.     Request No. 2024-00287

21.    Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.  To the extent a response is required, Defendant denies.

22.    Defendant respectfully refers the Court to Plaintiff's FOIA request, dated October 18, 2023, for its true and complete contents and denies all allegations in this paragraph inconsistent therewith. The remainder of this paragraph is a request for remedy, a characterization of this action and conclusion of law, to which no response is required.

23.    Defendant admits on October 23, 2023, Plaintiff received an acknowledgment letter, which assigned his FOIA request the tracking number No. 2024-00287.  Defendant respectfully refers the Court to the acknowledgment letter for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

24.    Defendant admits that it has not released any records to Plaintiff for Request No. 2024-00287.  The remainder of this paragraph is a characterization of this action and conclusion of law, to which no response is required.

### CAUSE OF ACTION FOR VIOLATION OF 5 U.S.C. § 522 (a)(6)(A)(i)

25.    Paragraph 25 is a characterization of this action, to which no response is required.

26.    Paragraph 26 is a request for remedy, a characterization of this action and conclusion of law, to which no response is required.

27. Admit

28. Admit.

29. Paragraph 29 is a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested, or to any relief whatsoever.

30. Paragraph 30 is a characterization of this action and conclusion of law, to which no response is required.

31. Paragraph 31 is a request for remedy, a legal argument, a characterization of this action and conclusion of law, to which no response is required.

32. Paragraph 32 is a legal argument, a characterization of this action and conclusion of law, to which no response is required.

33. Paragraph 33 is a characterization of this action, legal argument, and conclusion of law, to which no response is required.

## REQUESTED RELIEF

The paragraph beginning with "Plaintiff James M. Slater respectfully requests" containing bullet points A-C sets forth Plaintiff's prayer for relief, to which no answer is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and all its subparagraphs and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact

or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

Plaintiff failed to exhaust his administrative remedies prior to filing this action.

## SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552(b) where disclosure would cause foreseeable harm.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiffs' request for relief exceeds the relief authorized under FOIA. 5 U.S.C. § 552.

## FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

## FIFTH DEFENSE

Plaintiff is not entitled to attorneys' fees and costs.

## SIXTH DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

SEVENTH DEFENSE

Defendant asserts it has, or may have, additional affirmative defenses which are not known to Defendant at this time, but which may be ascertained during litigation. Defendant specifically preserves these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.

WHEREFORE, Defendant respectfully requests this Court dismiss the Complaint with prejudice, enter judgment in favor of Defendant, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: February 9, 2024               Respectfully submitted,

                                      ROGER B. HANDBERG
                                      United States Attorney

                                By:   */s/ Julie R. Posteraro*
                                      Julie R. Posteraro
                                      Assistant United States Attorney
                                      USA No. 157
                                      400 W. Washington Street, Suite 3100
                                      Orlando, Florida 32801
                                      Telephone: (407) 648-7500
                                      Facsimile: (407) 648-7588
                                      Email: Julie.Posteraro@usdoj.gov

                                      LEAD COUNSEL